**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PAMELA COLEMAN, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 14-cv-259 (TSC) |

**MEMORANDUM OPINION**

Plaintiff Pamela Coleman, M.D., brings this action for breach of contract against Defendant Allstate Insurance Company ("Allstate"). Coleman alleges that Allstate materially breached the terms of a homeowners insurance policy when it refused to pay a claim relating to water damage at Coleman's home. Coleman moves for summary judgment relating to liability under Federal Rule of Civil Procedure 56, arguing that she suffered a covered loss under the policy and Allstate cannot rely on a policy exclusion to avoid liability as a matter of law. Because there remain numerous genuine issues of material fact as to coverage under the policy, the motion for summary judgment is denied.

## I. BACKGROUND AND PROCEDURAL HISTORY

The following facts are drawn from the allegations in the Complaint and exhibits attached thereto. Coleman owned a home in Washington, D.C. (the "Property"). (Compl. ¶ 1). She purchased a Deluxe Plus Homeowners Policy from Allstate to insure the Property (the "Policy"). (*Id.* at ¶ 6). On January 28, 2013, the Property sustained significant water damage (the "Loss"). (*Id.* at ¶ 7). Coleman reported the Loss to Allstate and made a claim under the Policy. (*Id.* at ¶ 12). Allstate officially denied the claim in March 2013, (*Id.* at ¶ 15), asserting that the Policy did

not cover "[f]reezing of plumbing" or other water damage caused by freezing "while the building structure is vacant, unoccupied or being constructed unless you have used reasonable care to: (a) maintain heat in the building structure; or (b) shut off the water supply and drain the system and appliances." (*Id.* at ¶ 14). Allstate explained that "[t]he policy clearly states you must maintain the heat properly and our review of your utility bills clearly shows that the heat was not properly maintained." (*Id.* at Ex. 3). Allstate later alleged that Jamal Talib, Coleman's claims adjuster, told an Allstate representative that Coleman had moved out of the Property months prior to the Loss and was renting a different residence. (*Id.* at ¶ 16).

As a result of Allstate's denial of coverage, Coleman brought the instant case. She originally filed suit in the Superior Court of the District of Columbia on January 24, 2014. Allstate filed a Notice of Removal to this Court on February 19, 2014 and filed an Answer the same day. Less than a month later, and apparently before discovery had begun, Coleman filed the present motion for summary judgment as to liability.

## II. LEGAL STANDARD

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006). Summary judgment may be rendered on a "claim or defense . . . or [a] part of each claim or defense." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). "A fact is 'material' if a dispute over it might affect the outcome of a suit under the governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." *Holcomb*, 433 F.3d at 895

(quoting *Liberty Lobby, Inc.*, 477 U.S. at 248). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See id.* The party seeking summary judgment "bears the heavy burden of establishing that the merits of his case are so clear that expedited action is justified." *Taxpayers Watchdog, Inc., v. Stanley,* 819 F.2d 294, 297 (D.C. Cir. 1987).

When a motion for summary judgment is under consideration, "the evidence of the nonmovant[s] is to be believed, and all justifiable inferences are to be drawn in [their] favor." *Liberty Lobby, Inc.*, 477 U.S. at 255; *see also Mastro v. Potomac Elec. Power Co.,* 447 F.3d 843, 850 (D.C. Cir. 2006). The nonmoving party's opposition, however, must consist of more than mere unsupported allegations or denials, and must be supported by affidavits, declarations, or other competent evidence, setting forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

## III. ANALYSIS

Coleman argues that the record clearly shows the Loss was covered by the Policy and that Allstate cannot rely on the policy exclusion to deny coverage. Coleman claims that she resided at the Property at the time of the Loss, meaning the Property could not have been "vacant" or "unoccupied" under the terms of the Policy, and Allstate's purported justification for denying her claim fails as a matter of law.

Coleman's evidence in support of her motion is her own affidavit attesting to the facts laid out in her Complaint—that the Property sustained water damage, that she lived in the Property at the time of the Loss, and that Allstate denied coverage—and an affidavit from Jamal Talib, her claims adjuster.[1] Talib's affidavit highlights the existence of a genuinely disputed

[1] Talib's affidavit is attached to refute Allstate's claim that Talib told Allstate that Coleman had vacated the Property months before the Loss. Coleman also asserts that Allstate's recounting of Talib's alleged statement is hearsay and

material fact, since it appears to contradict Allstate's basis for denial of coverage. Coleman's self-serving affidavit similarly does little to establish that no material facts are in dispute. *Brooks v. Kerry*, No. 10-646, 2014 WL 1285948, at *8 (D.D.C. Mar. 31, 2014) ("when a 'declaration is self-serving and uncorroborated' it is 'of little value at the summary judgment stage'") (citing *GE v. Jackson*, 595 F. Supp. 2d 8, 36 (D.D.C. 2009)). This is particularly so where, as here, Coleman's affidavit suggests that other corroborating evidence exists, including testimony from her husband and other evidence that could prove she resided at the Property during the time the Loss occurred.

In contrast to Coleman's paucity of evidence, Allstate has offered evidence sufficient to allow a jury to find in its favor. According to Allstate, on February 10, 2013, an Allstate claims adjuster took photographs to document the water damage; the photographs show almost no furniture or personal effects in the Property aside from packed boxes. (Def. Opp'n Ex. 5). Allstate also obtained a copy of the heating bill for the Property, which shows that in January 2013 (the month of the Loss), energy use fell to 25% of the usage from the previous January despite the average temperature being the same. (*Id.* at Ex. 4). Allstate also submitted the affidavit of Robert Coles, another claims adjuster who performed a second inspection on February 19, 2013. Mr. Coles attests that his inspection showed four separate frozen pipes, and that he "walked throughout the property and took pictures [see Ex. 3]. There was no furniture, the Property contained limited personal property/contents within it, and the remaining items were packed in boxes or looked as if they were to be packed into boxes." (*Id.* at Ex. 1). When Mr. Coles inspected the Property, the temperature on the thermostat read 50 degrees. (*Id.*). Real

not proper evidence for the purposes of summary judgment. Because the other evidence submitted by Allstate is sufficient to deny summary judgment, the Court declines to rule on the admissibility of Talib's statement at this time.

estate records also show that the Property was listed for sale on October 14, 2012, and then delisted on January 31, 2013—three days after the Loss. (*Id.* at Ex. 6).

As the nonmovant, Allstate's evidence is to be viewed as true and all inferences drawn in its favor. Allstate has presented evidence which, if true, show that (a) the Property was mostly empty except for some packed boxes, indicating the Property may have been vacated; (b) during the time of the Loss, the Property was listed for sale; (c) heating bills show a dramatic drop in energy use around the time of the Loss, suggesting that the Property may have been vacant and/or heat was not maintained (which may have caused the pipes to freeze); and (d) the thermostat in the Property showed a temperature well below a comfortable living temperature, further suggesting that the Property had been vacated and the heat not maintained. This evidence demonstrates that there are genuine issues of material fact with respect to the applicability of the policy exclusion, including whether Coleman had vacated the Property at the time of the Loss and whether heat was properly maintained.

Summary judgment is particularly inappropriate here where the parties have not yet engaged in discovery. The D.C. Circuit has repeatedly cautioned that "summary judgment is premature unless all parties have 'had a full opportunity to conduct discovery.'" *Convertino v. U.S. Dep't of Justice*, 684 F.3d 93, 99 (D.C. Cir. 2012) (citing *Liberty Lobby, Inc.,* 477 U.S. at 257); *Americable Int'l, Inc. v. Dep't of Navy*, 129 F.3d 1271, 1274 (D.C. Cir. 1997) ("As we have stated before, summary judgment ordinarily 'is proper only after the plaintiff has been given adequate time for discovery.'") (citing *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1380 (D.C. Cir. 1988)); *see also Celotex Corp.,* 477 U.S. at 322 (summary judgment appropriate only "after adequate time for discovery"). At this stage in the proceedings, Coleman has provided little evidence that she resided in the Property at the time the Loss occurred, and

strongly disputes Allstate's evidence to the contrary. On the record before the Court, there are disputed issues of material fact which prevent the entry of summary judgment.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment as to Liability is DENIED. An appropriate Order accompanies this Memorandum Opinion.

Date: February 13, 2015

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge